Dear Mayor Pourciau:
You advise that the Town of Livonia is a Lawrason Act municipality with an elected chief of police. You further advise that an appointed chief of police currently discharges the responsibilities of the office filling the vacancy created by the retirement of the former chief of police. A special election was called, and a new chief of police will soon occupy the office.
Your questions concerning compensation of this elected official are governed by LSA-R.S. 33:404.1, which states:
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any non-elected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected. (Emphasis added).
Accordingly, you may not reduce the compensation of the individual appointed to fill the vacancy. He serves as chief of police for the remainder of the elected term contemplated by R.S.33:404.1, notwithstanding the fact that his actual tenure is shorter than a regular term. The prohibition against reduction in compensation protects those who occupy this elected office; the appointment of an individual to fill the position on an interim basis does not change the protection and benefits afforded one who occupies this elected position.
However, you may by ordinance reduce the compensation of the newly elected chief of police, if such action is taken prior to the beginning of the new term.
Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: February 2, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL